IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL R. TWISS,

                Plaintiff,

    v.                                    Civil Action No.
                                                1:16-CV-1420 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

MARGOLIUS LAW OFFICE            PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

FOR DEFENDANT:

HON. GRANT JAQUITH               ELIZABETH D. ROTHSTEIN, ESQ.
Acting United States Attorney       Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

     Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on August 22, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)  Defendant's motion for judgment on the pleadings is GRANTED.

2)  The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 30, 2017
       Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MICHAEL R. TWISS,

                          Plaintiff,

vs.                                        16-CV-1420

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
------------------------------------------------------x
```

*Decision – August 22, 2017*

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding

A P P E A R A N C E S (by telephone)

For Plaintiff:      OFFICE OF PETER M. MARGOLIUS
                    Attorneys at Law
                    7 Howard Street
                    Catskill, New York 12414
                      BY:  PETER M. MARGOLIUS, ESQ.
                           JANICE CAMMARATO, Paralegal

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  ELIZABETH D. ROTHSTEIN, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1        THE COURT:  Thank you.  I have before me an
2  application for judicial review of an adverse determination
3  by the Acting Commissioner pursuant to 42, United States
4  Code, Section 405(g) and 1383(c)(3).  The background is as
5  follows.
6        The plaintiff was born in September of 1960.  He is
7  currently 56, almost 57 years old.  He was 54 years old at
8  the time of the hearing in this matter, and 52 when he filed
9  his application for benefits.  He is ambidextrous but
10 left-handed, describes himself as left-handed.  He is
11 separated and lives with his mother.
12       The evidence is somewhat equivocal regarding his
13 level of education.  He graduated from college -- I'm sorry,
14 high school.  At his hearing he testified that he took some
15 college courses; however, when he was examined by
16 Dr. Hartman, he indicated that he had five years of college
17 education and had achieved a doctorate in theology.  That is
18 at page 257 of the Administrative Transcript.  He claims to
19 be a certified electrician.  He has a driver's license.
20       In the past he has worked as a newspaper carrier, a
21 groundskeeper, a greenskeeper, and a yardman on a railroad.
22 He also cuts lawns and was doing that at the time of the
23 hearing.
24       He suffers from multiple physical limitations,
25 including asthma, low vision, and he has undergone cataract

surgery in both eyes.  He underwent left cataract surgery in December 2014 and right cataract surgery in January 2015.  He suffers from lumbar and cervical degenerative disc disease, arthritis, anxiety, mild obesity, and diabetes, which is controlled.

For his physical ailments his medications are limited primarily to Ibuprofen, Flexeril and Tylenol.

Mentally, according to Dr. Hartman, he suffers from major depressive disorder moderate, and anxiety disorder, although he has not undergone any significant mental health treatment.

In terms of daily activities, he watches television, cooks, cleans, does laundry, can do some shopping, takes care of his personal hygiene.  He has one friend and he socializes with some family members.  He can go out alone.  He smokes a half a pack of cigarettes a day and occasionally marijuana.

Plaintiff applied for Supplemental Security Income benefits on February 8, 2013, alleging an onset disability date of January 1, 2009.  A hearing was conducted on October 21, 2014 and continued on March 11, 2015 in order to obtain the testimony of a vocational expert.

The hearing was conducted by Administrative Law Judge Dale Black-Pennington.  ALJ Black-Pennington issued a decision on May 20, 2015 finding that the plaintiff was not

1  disabled at the relevant times and, therefore, ineligible for
2  the benefits sought.  That became a final determination of
3  the Agency on September 26, 2016 when the Social Security
4  Administration Appeals Council denied plaintiff's application
5  for review.
6             In her decision Judge Black-Pennington applied the
7  five-step sequential test for determining disability.
8             At step one concluded that although plaintiff
9  testified that he mows lawns, he was not engaged in
10 substantial gainful activity and had not been since
11 February 8, 2013.
12            At step two she concluded that the plaintiff
13 suffers from asthma, low vision, lumbar and cervical
14 degenerative disc disease, arthritis, anxiety, and cannabis
15 abuse, and rejected certain other alleged impairments as not
16 being sufficiently severe at step two to meet the test.
17            At step three she concluded that plaintiff's
18 conditions did not meet or medically equal any of the listed
19 presumptively disabling conditions set forth in the
20 Commissioner's regulations.  She considered listings 1.04,
21 2.02, 2.04, 3.03, 12.06 and 12.09.
22            After surveying the medical evidence, ALJ
23 Black-Pennington concluded that plaintiff retains the
24 residual functional capacity, or RFC, to perform light work
25 except that he is able to make simple work related decisions

and have superficial and transactional contact with co-workers and the general public. The claimant is able to occasionally manage change to the workplace environment or tasks. He should avoid heavy machinery, unprotected heights, vibrations and/or driving and motorized vehicles. The claimant should avoid known respiratory irritants and requires the use of reading glasses.

Applying that residual functional capacity, the ALJ Black-Pennington concluded that plaintiff was not capable of performing any of his past relevant work.

She then proceeded to step five and noted that if the Medical-Vocational guidelines set forth in the regulations, or the Grids, were applied, a finding of no disability would be dictated by Rule 202.13. She concluded, however, that plaintiff's inability to perform a full range of light work impaired the job base on which the Grids were located, requiring the testimony of a vocational expert.

After hearing that testimony, she concluded that plaintiff retained the RFC to perform as a photocopy machine operator, a cashier II, and a mail clerk, and that there were sufficient jobs in the national economy to support a finding of no disability.

As you know, my task is limited. The scope of review that I must apply is deferential. I must determine whether correct legal principles were applied by the ALJ and

1   the determination is supported by substantial evidence.

2           I agree with the Commissioner, I don't find that
3   the RFC is at odds with the opinions of Dr. Hartman and the
4   record as a whole.  The three occupations identified in step
5   five require minimum contact with supervisors, in any event.

6           L. Hoffman, I agree the opinion may be somewhat
7   contradictory, but it was for the ALJ to determine how to
8   rank the opinion of Dr. Hartman and L. Hoffman, and she did
9   indicate in her opinion that she gave, while she gave great
10  weight at the outset at page 29 to L. Hoffman, she gave
11  little weight, at page 33, to the limitation about ability to
12  respond to criticisms from supervisors and accept
13  instructions, and that was his prerogative and well
14  explained.

15          So I note also that it is plaintiff's burden to
16  establish his limitations through the RFC stage, and I don't
17  find that that burden was carried.

18          With regard to credibility, I've reviewed carefully
19  SSR 96-7p on the Administrative Law Judge's credibility
20  determination.  While the plaintiff was not insured from July
21  of 2013 to October of 2014, there is no indication that he
22  didn't avail himself of -- couldn't avail himself of free or
23  low cost medical care.  In any event, if you look globally at
24  his records, including the time that he was insured, he had
25  extremely modest treatment, did not request any kind of

1  narcotic prescriptions, pain medication or modality, was not
2  referred to a pain specialist.
3       The record suggests that he attended an initial
4  session of physical therapy and it was indicated that he was
5  going to continue physical therapy, but there is no records
6  to show that he did, in fact, continue on with the physical
7  therapy.
8       Again, the burden is on the plaintiff to establish
9  disability, and the ALJ properly considered the record as a
10 whole, including plaintiff's daily activities, and concluded
11 that his claims concerning his limitations were not entirely
12 credible.
13      So I find that the Commissioner's determination is
14 supported by substantial evidence and I will grant judgment
15 on the pleadings to the defendant, affirm the Commissioner's
16 finding, and dismiss plaintiff's complaint.
17      Thank you both for excellent presentations.
18              *           *           *
19
20
21
22
23
24
25

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter